UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELI AGUILERA,<br><br>        Plaintiff,<br><br>    v.<br><br>LOANCARE, LLC, et al.,<br><br>        Defendants. | No. 2:16-cv-2377-JAM-KJN PS<br><br>FINDINGS AND RECOMMENDATIONS |

Presently pending before the court is defendants Loancare, LLC's, Stearns Lending, LLC's, Brian Hale's, and Kim Bingham's (collectively "defendants") motions to dismiss plaintiff Eli Aguilera's[1] ("plaintiff") original complaint. (ECF Nos. 4, 5.)[2] Plaintiff has opposed both motions, and defendants filed reply briefs. (ECF Nos. 6, 8.)[3] Also before the court is plaintiff's motion for a temporary restraining order ("TRO") enjoining defendants from carrying out a pending trustee's sale of the real property that is the subject of plaintiff's complaint. (ECF No.

---

[1] Based on his use of colons and other representative terminology throughout the complaint, plaintiff appears to be an adherent of the Sovereign Citizens movement and refers to himself as "eli: [House of Aguilera]." (See ECF No. 1.) The court declines to use such fictional names, and refers to plaintiff Eli Aguilera as "plaintiff" throughout this order.

[2] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21).

[3] On November 28, 2016, these motions were submitted without oral argument pursuant to Local Rule 230(g). (ECF No. 10.)

1

7.) For the reasons set forth below, the court recommends that defendants' motions to dismiss be granted, and the complaint be dismissed without leave to amend. The court recommends further that plaintiff's motion for a temporary restraining order be denied.

I.   Plaintiff's Allegations

Plaintiff's complaint is rambling, confusing, and largely incomprehensible. A large portion of the complaint consists of a recitation of "judicial and statutory definitions" that include references to "Black's Law Dictionary, Revised Fourth Edition," "American Jurisprudence," and plaintiff's own "custom," which appears to be primarily made up of references to the Bible. (ECF No. 1 at 14-20.) As best the court can tell, plaintiff alleges that he obtained a loan from defendant Stearns Lending, LLC to purchase real property located at 672 Ware Court, Benicia, California 94510, and that defendants engaged in unidentified wrongful conduct in servicing and attempting to foreclose on that real property. More specifically, plaintiff alleges that "defendants lack any right to foreclose against the . . . property, and are acting unlawfully to foreclose [on] the . . . property under false pretenses, without any substance, acting with appearance or semblance of legal right, with an intent to deprive or defraud the true owner." (Id. at 3.) Plaintiff alleges further that "[t]he California nonjudicial foreclosure process . . . is unconstitutional, because it deprives and infringes on the plaintiff's particular fundamental principles of the common law, to the 'Bill of Rights' to the Constitution of the United States of America, Amendment IX – 'Rights Retained by the People,' Amendment VII – trial by jury. (Id. at 4.) Plaintiff also alleges that the nonjudicial foreclosure process infringes on "plaintiff's particular natural, inherent, and unalienable rights, and plaintiff's right of personal security, the right of personal liberty, and the right to acquire and enjoy property." (Id.) Finally, plaintiff alleges that he sent correspondence (characterized by plaintiff as "notices") to defendants, which somehow imposed contractual obligations on defendants, and that defendants' subsequent silence regarding those correspondence and efforts to collect on the loan or foreclose on the property breached those obligations. (Id. at 4-10.) Based on these allegations, plaintiff appears to assert three distinct causes of action. Specifically plaintiff seems to assert that: (1) defendants violated California Civil Code § 2429.17; (2) the nonjudicial foreclosure procedure set forth in California Civil Code

2429 is unconstitutional as applied to plaintiff; and (3) defendants breached contractual obligations owed to plaintiff.

## II. Defendants' Motions to Dismiss

### A. Legal Standards

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the well-pled factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071. The court must construe a *pro se* pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe *pro se* filings liberally even when evaluating them under the standard announced in Iqbal).

////

B. Defendants' Motions

Defendants Loancare, LLC, Stearns Lending, LLC, and Brian Hale argue in their motion to dismiss that plaintiff's complaint fails to comply with the basic pleading requirements set forth in Federal Rule of Civil Procedure 8 and that plaintiff's specific claims are meritless as a matter of law. Defendant Kim Bingham filed a separate motion to dismiss, wherein she argues that plaintiff's claims against her are barred by the doctrine of claim preclusion. She also argues that plaintiff's complaint fails to satisfy Federal Rule of Civil Procedure 8 and otherwise fails to state a cognizable claim. The court addresses each motion in turn.

1. Loancare, LLC's, Stearns Lending, LLC's, and Brian Hale's Motion to Dismiss

Defendants Loancare, LLC, Stearns Lending, LLC, and Brian Hale all argue that plaintiff's complaint fails to state a cognizable claim for relief because plaintiff's allegations demonstrate that those claims are meritless as a matter of law. The court addresses each of plaintiff's claims in turn.

a. Claim that Defendants Violated California Civil Code Section 2924.17

First, plaintiff appears to claim that defendants violated California Civil Code Section 2924.17 in their attempts to foreclose on the real property at issue. In particular, plaintiff alleges that "[d]efendants failed to record or file a declaration or affidavit in any court relative to a foreclosure proceeding as described in subdivision (a), and . . . have not provided an accurate and complete and supported document by competent and reliable evidence to substantiate the alleged borrower's default and the right to foreclose as required in subdivision (b)." (ECF No. 1 at 3.) Defendants argue that the complaint in no way provides factual allegations that plausibly substantiate plaintiff's claim. The court agrees.

California Civil Code § 2924.17 provides that a notice of default, a notice of sale, or other specified documents, "recorded by or on behalf of a mortgage servicer in connection with a foreclosure . . . shall be accurate and complete and supported by competent and reliable evidence." Cal. Civ. Code § 2924.17(a). It provides further that, in recording such documents, "a

4

1   mortgage servicer shall ensure that it has reviewed competent and reliable evidence to
2   substantiate the borrower's default and the right to foreclose, including the borrower's loan status
3   and loan information." Id. § 2924.17(b).
4     Here, plaintiff fails to allege facts in the complaint that show that any of the defendants
5   caused a notice of default, or any other document falling within the ambit of § 2924.17, to be
6   recorded.  To the contrary, plaintiff alleges that defendants "*failed to record or file* a declaration
7   or affidavit in any court relative to a foreclosure proceeding." (ECF No. 1 at 3 (emphasis
8   added).)  As discussed above, California Civil Code § 2924.17 subsections (a) and (b) set forth
9   requirements for certain documents that have been filed or recorded by a mortgage servicer in
10  connection with a foreclosure.  Plaintiff alleges that no such filing or recording was made.  When
11  plaintiff's allegations are taken as true, plaintiff cannot plausibly claim a violation under
12  subsection (a) or (b) of § 2924.17 as a matter of law because no declaration or affidavit was ever
13  filed or recorded, thus meaning that that statute's requirements that such a filing or recording be
14  "be accurate and complete and supported by competent and reliable evidence," and be based on a
15  review of "competent and reliable evidence" were inapplicable to defendants' alleged conduct.
16  Accordingly, plaintiff's complaint does not plausibly allege facts showing that defendants
17  violated California Civil Code Section 2924.17.  Furthermore, amendment of the complaint with
18  regard to this claim would be futile because plaintiff's current allegations demonstrate that no
19  document subject to California Civil Code Section 2924.17 was filed or recorded, therefore
20  meaning that defendant's alleged conduct never fell within that statute's requirements.  See Cahill
21  v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996) (noting that district courts should
22  "consider factors such as bad faith, undue delay, prejudice to the opposing party, and the futility
23  of amendment" when determining whether to grant leave to amend a deficient complaint).
24      b. Claim that "California Civil Code Section 2924 State Law is
25       Unconstitutional Particular to Plaintiff"
26    Plaintiff appears to assert that the nonjudicial foreclosure process set forth in California
27  Civil Code § 2924 is unconstitutional as applied to him.  Plaintiff also appears to assert that
28  defendants violated his federal constitutional rights by attempting to foreclose on the real property

at issue pursuant to that process.  Defendants contend that plaintiff's allegations fail to provide a proper basis on which to state a cognizable claim under these apparent theories.  The court agrees.

First, plaintiff has not sued a proper defendant to the extent he seeks a declaration that § 2924 is unconstitutional.  For such relief, it is those officials who "by virtue of their offices have some connection with the enforcement of the challenged law" that should be sued.  Chaloux v. Killeen, 886 F.2d 247, 251 (9th Cir. 1989) (citing Ex Parte Young, 209 U.S. 123, 157-61 (1908)); see Snoeck v. Brussa, 153 F.3d 984, 986 (9th Cir. 1998) (providing that an official's connection to an allegedly unconstitutional state law must be "fairly direct," not just a generalized duty or a general supervisory power).  Here, the allegations in the complaint reveal that defendants are private participants to the nonjudicial foreclosure of the property at issue, not state officials.  Indeed, the allegations indicate that there was no state actor involvement with regard to any of defendants' purported conduct, and no state actors have been named as defendants to this action.  Accordingly, plaintiff's apparent claim that California Civil Code § 2924 is unconstitutional as applied to him cannot be properly asserted against the defendants named in the complaint.

Second, to the extent plaintiff attempts to allege through this claim that defendants' utilization of the nonjudicial foreclosure process under California Civil Code § 2924 resulted in a violation of plaintiff's constitutional rights, such a claim fails.  In order to vindicate a federal constitutional right, plaintiff must assert such a claim pursuant to 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).  In other words, two factual elements must be pled:  (1) "the plaintiff must allege that some person has deprived him of a federal right," and (2) "he must allege that the person who has deprived him of that right acted under color of state or territorial law."  Gomez v. Toledo, 446 U.S. 635, 640 (1980).  This framing was adopted because "§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong."  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999).

////

Here, plaintiff has not satisfied either element of a § 1983 claim. The federal right or rights defendants apparently violated are not identified in the complaint in any meaningful fashion. Rather, plaintiff merely refers to nebulous violations of the "Bill of Rights," the Ninth Amendment, and the Seventh Amendment, and of plaintiff's "natural, inherent, and unalienable rights" to "personal security," "personal liberty," and "to acquire and enjoy property." (ECF No. 1 at 4.) Plaintiff's allegations in no way articulate the specific constitutional right or rights that defendants violated in engaging in the nonjudicial foreclosure process, let alone set forth factual allegations giving rise to a cognizable claim that defendants violated a constitutional right individually held by plaintiff that may be vindicated pursuant to § 1983.

As to the second element, plaintiff does not plausibly explain how the private-actor defendants were acting under color of state law through their involvement in foreclosure process, especially when "[p]rivate parties are not generally acting under color of state law." Price v. Hawaii, 939 F.2d 702, 707-708 (9th Cir. 1991). In order to maintain this claim, plaintiff must show that the actions complained of are "fairly attributable" to the state. See Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982); Vincent v. Trend W. Technical Corp., 828 F.2d 563, 567 (9th Cir. 1987) (observing that the United States Supreme Court considers four factors to determine whether conduct is "fairly attributable" to the state: source of funding, impact of state regulation, performance of a "public function," and the existence of a "symbiotic relationship" between the state and the actor). Here, plaintiff merely alleges that defendants engaged in the nonjudicial foreclosure process set out in California Civil Code § 2924 in an attempt to foreclose on the real property at issue. However, it is been held by both the California Supreme Court and the Ninth Circuit Court of Appeals that a state's nonjudicial foreclosure process does not constitute state action and does not implicate constitutional due process protections when utilized by private actors. Garfinkle v. Super. Ct., 21 Cal. 3d 268, 281 (1978); Apao v. Bank of N.Y., 324 F.3d 1091, 1094-95 (9th Cir. 2003). Accordingly, plaintiff also fails to meet the "color of state law" requirement.

////

////

In short, plaintiff's allegations utterly fail to assert a cognizable claim against defendants that they violated plaintiff's constitutional rights in connection with their utilization of California's nonjudicial foreclosure process, or that California's nonjudicial foreclosure process is, in itself, unconstitutional as applied to plaintiff. Furthermore, further amendment of the complaint with regard to such claims would be futile as plaintiff has named only private actors as defendants to this action who the current allegations show did not act under color of state law. See Cahill, 80 F.3d at 339.

c.  Contract Claims

Finally, plaintiff alleges that defendants breached various contractual obligations to him stemming from the "notices" he sent to them. To state a claim for breach of contract under California law, plaintiff must allege: (1) the existence of a contract; (2) plaintiff's performance; (3) defendant's breach of the contract; and (4) damages flowing from the breach. CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (2008). To establish the existence of a valid contract plaintiff must allege: (1) parties capable of contracting; (2) their consent; (3) a lawful object; and (4) sufficient cause or consideration. United States ex rel. Oliver v. Parsons Co., 195 F. 3d 457, 462 (9th Cir. 1999) (citing Cal. Civ. Code§ 1550; Marshall & Co. v. Weisel, 242 Cal. App. 2d 191, 196 (1966)).

Here, plaintiff fails to allege that any defendant consented to the purported contracts. Plaintiff alleges that each of the notices he sent out to defendants that form the basis of the purported contracts were "self-executing" and that defendants' failure to respond to them constituted an "Acquiescence, Agreement, and Dishonor" of each of them. (ECF No. 1 at 7, 9.) However, "[a]n offer made to another, either orally or in writing, cannot be turned into an agreement because the person to whom it is made or sent makes no reply, even though the offer states that silence will be taken as consent . . . ." Wold v. League of Cross of Archdiocese of San Francisco, 114 Cal. App. 474, 480 (1931). Silence or a failure to act may constitute acceptance only "where circumstances or the previous course of dealing between the parties places the offeree under a duty to act or be bound." Circuit City Stores, Inc. v. Najd, 294 F.3d 1104, 1109 (9th Cir. 2002) (quoting Beatty Safeway Scaffold, Inc. v. Skrable, 180 Cal. App.2d 650, 655

8

(1960). Here, there are no allegations in the complaint indicating that there existed a previous course of dealing between plaintiff and any of the defendants that would suggest that defendants' failure to respond to plaintiff's notices constituted their consent to be bound by the alleged terms contained in those notices. Nor are any special circumstances alleged that plausibly indicate defendants' alleged failures to act served as acceptance of an offer. To the contrary, the alleged facts suggest that plaintiff merely sent the notices to defendants under a flawed belief that he would no longer have an obligation to continue making payments under the terms of the mortgage at issue if defendants failed to respond. Such facts cannot establish the existence of a valid contract.

Plaintiff's alleged facts also show that there was no sufficient consideration. "A contract is supported by sufficient consideration if there is some benefit to the promisor or detriment to the promisee." VasoNova, Inc. v. Grunwald, 2012 WL 6161041, at *5 (N.D. Cal. Dec. 11, 2012) (quoting Sandrini v. Branch, 32 Cal. App. 2d 707, 709 (1939)). A review of the alleged language in each of the purported contracts demonstrates that plaintiff was not required to perform any act in exchange for defendants' performance. Rather, plaintiff merely demanded that defendants verify his debt on the mortgage and determined that their failure to perform such an action resulted in the release of plaintiff's obligation to repay his debt under the mortgage and the removal of any security interest defendants had in the real property at issue. Accordingly, allegations of the complaint show that no sufficient consideration was given with regard to any of the purported contracts.

In short, plaintiff's alleged facts demonstrate that the fundamental prerequisites for the formation of a valid contract were not present with regard to any of the purported agreements between plaintiff and defendants. Assuming the facts of the complaint are true, no contract was ever formed between plaintiff and any of the defendants. Because no valid contract was formed, plaintiff cannot plausibly claim that defendants breached their contractual obligations to plaintiff. Accordingly, the court recommends plaintiff's contract claims against defendants be dismissed without leave to amend as further amendment would be futile. See Cahill, 80 F.3d at 339.

////

d.  Conclusion

In sum, plaintiff's complaint fails to state a cognizable claim against defendants Loancare, LLC, Stearns Lending, LLC, and Brian Hale as a matter of law. Accordingly, the court recommends their motion to dismiss be granted without leave to amend.

2.  Kim Bingham's Motion to Dismiss

As discussed above, Kim Bingham argues that plaintiff's claims against her in this action are precluded by this court's previous dismissal of plaintiff's claims against her in Aguilera v. Bingham, Case No. 2:15-CV-01781-KJM-EFB. She argues further that plaintiff's complaint should be dismissed on the additional basis that it fails to state a cognizable claim against her.

a.  Judicial Notice

As an initial matter, Kim Bingham requests the court to take judicial notice of plaintiff's complaint, the court's findings and recommendations recommending dismissal of plaintiff's claims without leave to amend, and the final judgment order issued in Aguilera v. Bingham, Case No. 2:15-CV-01781-KJM-EFB. (ECF No. 5-1.) These court records are public records not subject to reasonable dispute. Accordingly, the court takes judicial notice of these documents. See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); Coats v. McDonald, 2010 WL 2991716, at *2 (E.D. Cal. July 29, 2010) (noting "[a] court may take judicial notice of court records" and taking judicial notice of the plaintiff's complaint).

b.  Claim Preclusion

Claim preclusion "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action . . . . The doctrine is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (internal citations and quotation marks omitted). Generally, when federal-court jurisdiction is based on the presence of a federal question, federal preclusion doctrine applies. See Taylor v. Sturgell, 553

////

////

U.S. 880, 891 (2008); Heiser v. Woodruff, 327 U.S. 726, 733 (1946).[4]  The Ninth Circuit Court of Appeals has identified four factors that should be considered by a court in determining whether successive lawsuits involve an identity of claims:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action;
>
> (2) whether substantially the same evidence is presented in the two actions;
>
> (3) whether the two suits involve infringement of the same right; and
>
> (4) whether the two suits arise out of the same transactional nucleus of facts.

See C.D. Anderson & Co. v. Lemos, 832 F.2d 1097, 1100 (9th Cir.1987); accord Headwaters Inc. v. United States Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005); Littlejohn v. United States, 321 F.3d 915, 920 (9th Cir. 2003).  "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts."  Owens, 244 F.3d at 714.

////

////

---

[4] Here, plaintiff asserts in his complaint a claim that California Civil Code § 2934 violates the Seventh and Ninth Amendments, and more nebulously the "Bill of Rights," to the United States Constitution as that statute is applied to him.  (ECF No. 1 at 3-4.)  Plaintiff also alleges that this court has jurisdiction in this case pursuant to 28 U.S.C. § 1331.  (ECF No. 1 at 2.)  Similarly, plaintiff asserted what appear to be federal claims in her judicially-noticed complaint in the previous action.  (See generally ECF No. 5-1, Exh. 1.)  Accordingly, the court construes the complaint in both the present and previous action as asserting at least one federal law claim, thus giving rise to this court's federal question jurisdiction in both actions.  While defendant Kim Bingham asserts her claim preclusion argument under California State law's claim preclusion standards, which differ slightly from the federal standards set forth below, the court finds that federal claim preclusion standards apply in this instance in light of plaintiff's apparent federal law claims and the fact that the prior action was brought in federal court and apparently attempted to assert federal claims.  Nevertheless, to the extent California's claim preclusion standards do apply in this instance, the ultimate outcome of the motion to dismiss is the same as it would be under federal claim preclusion standards.  To the extent there are analytical differences between California and federal claim preclusion standards with respect to the claims at issue here, the court briefly addresses them in subsequent footnotes as they arise in its discussion below.

11

i.  Identity of Claims

The judicially noticed documents show that plaintiff filed a complaint in this court on August 25, 2015 against Kim Bingham asserting the following six causes of action: (1) breach of written contract); (2) invading my personal liberty; (3) invading my personal security; (4) invading my pursuit of happiness; (5) violation of the Constitution for the United States of America; and (6) violation of Federal Law.  (ECF No. 5-1, Exh. 1.)  In that complaint, plaintiff alleged that these causes of action were based on Kim Bingham's alleged conduct in connection with the servicing of and attempts to foreclose on the mortgage loan, "loan number: 005275615," on the real property located at 672 Ware Court, Benicia, California 94510.  (Id.)  Plaintiff alleged further in that action that his loan obligation was "fraudulent" because he had sent three "notices" to Kim Bingham, who was acting as "Senior Vice President and Loan Administration Servicing Manager" of Loancare, LLC.  (Id.)  Plaintiff also alleged that the language of those notices created a binding, self-executing contract, which Kim Bingham breached in ignoring them, and that her breach of those contracts resulted in a concession that the balance due on the mortgage loan was $0.00.  (Id.)

The allegations of plaintiff's present complaint demonstrate that there is an identity of claims between this action and the prior action.  First, plaintiff's claims with regard to Kim Bingham all relate to her alleged involvement in the servicing of and attempted foreclosure on "loan number: 005275615" on the real property located at 672 Ware Court, Benicia, California 94510, while acting in her role as "Senior Vice President and Loan Administration Servicing Manager" of Loancare, LLC.  (ECF No. 1.)  Furthermore, the three "notices" plaintiff alleged in both the present complaint and the complaint in the prior action were allegedly sent to Kim Bingham on the same dates and contain the exact same language.  (Compare ECF No. 1 at 7-10 with ECF No. 5-1, Exhibit 1.)  Plaintiff alleges claims for breach of contract against Kim Bingham on the exact same alleged contracts and on the exact same alleged factual basis as he did in the prior case.  While plaintiff also asserts claims in the present action that defendants violated California Civil Code § 2924 and plaintiff's constitutional rights in pursuing a nonjudicial foreclosure on the real property at issue, the factual allegations of the complaint make it clear

12

that, to the extent those additional claims are brought against Kim Bingham, they are asserted on the basis of the same alleged factual predicate presented in the original action. Accordingly, plaintiff appears to assert identical claims arising out of the same transactional nucleus of facts as the previously dismissed action. Therefore, the court has little difficulty in concluding that there is an identity of claims between the prior action and the instant action.[5]

ii.  A Final Judgment on the Merits

In the prior action, a magistrate judge issued findings and recommendations recommending that a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) be granted and all of plaintiff's claims be dismissed with prejudice. (ECF No. 5-1, Exh. 2.) The district judge subsequently adopted those findings and recommendations in full and ordered a final judgment in that case. (Id., Exh. 3.)[6] The district court's dismissal of the prior action with prejudice and entry of final judgment was plainly a final judgment on the merits. Nnachi v. City of San Francisco, 2010 WL 3398545 at *5 (N.D. Cal. Aug. 27, 2010) (citing Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005) ("Dismissal of an action with prejudice, or without leave to amend, is considered a final judgment on the merits."). Accordingly, there was a final adjudication on the merits in the prior case.

////

---

[5] Under California law, the answer to whether there exists an identity of claims between two actions is based on the concept of whether the same "primary rights" were at stake, i.e., whether the "two actions involve the same injury to the plaintiff and the same wrong by the defendant," rather than the "same transactional nucleus of facts" standard employed under federal law. Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1174 (1983) (citing Slater v. Blackwood, 15 Cal. 3d 791, 795 (1975)). Here, there would still exist an identity of claims when analyzed under California law because plaintiff's claims in both cases with regard to Kim Bingham all revolve around the same alleged wrong by the defendant, i.e., Kim Bingham's alleged actions discussed above, and the same alleged harm suffered by plaintiff, i.e., the initiation of nonjudicial foreclosure proceedings against the real property at issue.

[6] Although Kim Bingham does not specifically request the court to take judicial notice of the district judge's order in the prior action adopting the judicially-noticed findings and recommendations, the court takes judicial notice of that ruling *sua sponte* on the basis that it is a public court record not subject to reasonable dispute. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Fed. R. Evid. 201(b).

                                        iii.     Identity or Privity Between Parties

Finally, there is no question that the prior action and the instant action involve the same parties in the same posture, i.e., plaintiff Eli Aguilera and defendant Kim Bingham.  Although plaintiff names additional defendants in the present action, this fact has no bearing on the application of claim preclusion to the claims against Kim Bingham, who is named as a defendant in both the present action and the previous action.  Accordingly, there exists an identity of parties.

                                          iv.     Conclusion

In sum, the court finds that claim preclusion bars plaintiff's claims against defendant Kim Bingham in this action.  Furthermore, although the court would ordinarily grant a pro se plaintiff leave to amend, the bar of claim preclusion here cannot be overcome by further revision of plaintiff's claims.  As such, granting leave to amend would be futile.  See Cahill, 80 F.3d at 339.  Therefore, the court recommends that Kim Bingham's motion to dismiss be granted and plaintiff's claims against that defendant be dismissed without leave to amend.[7]

      III.     Plaintiff's Motion for a Temporary Restraining Order

On November 21, 2016, plaintiff filed a motion for a TRO in this action.  (ECF No. 7.)  As with his complaint, plaintiff's motion is rambling, confusing, and largely incomprehensible.  Nevertheless, it appears to allege that defendants have provided plaintiff with a notice of trustee's sale for the real property at issue in this action stating that the sale is scheduled to take place on December 7, 2016, and that the sale of that property would cause plaintiff irreparable harm.  Accordingly, plaintiff requests the court to issue a TRO temporarily enjoining defendants from proceeding with the foreclosure sale during the pendency of this action.

A TRO, as a form of injunctive relief, is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Niu v. United States, 821 F. Supp. 2d 1164, 1168 (C.D. Cal. 2011) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008)).  The court may grant a TRO where the moving party is "likely to succeed

---

[7] Kim Bingham's additional argument that plaintiff's claims against her should be dismissed because the complaint's allegations fail to state a cognizable claim is also with merit for the same reasons discussed above with regard to the other defendants' motion to dismiss.

1  on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the
2  balance of equities tips in his [or her] favor, and . . . an injunction is in the public interest."
3  Winter, 555 U.S. at 20; see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832,
4  839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions is
5  "substantially identical").

6       "Under the sliding scale approach . . . the elements . . . are balanced, so that a stronger
7  showing of one element may offset a weaker showing of another."  Pimentel v. Dreyfus, 670 F.3d
8  1096, 1105 (9th Cir. 2012) (citations and internal quotation marks omitted); see also Alliance for
9  the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (preliminary injunction
10 appropriate when a moving party demonstrates that "serious questions going to the merits were
11 raised and the balance of hardships tips sharply in the [moving party's] favor," assuming other
12 Winter elements are also met).  However, "'at an irreducible minimum, the moving party must
13 demonstrate a fair chance of success on the merits, or questions serious enough to require
14 litigation.'"  Guzman v. Shewry, 552 F.3d 941, 948 (9th Cir. 2008) (quoting Dep't of Parks &
15 Recreation v. Bazaar Del Mundo, Inc., 448 F.3d 1118, 1124 (9th Cir. 2006)).  Where a party has
16 not shown likelihood of success on the merits, or at least the existence of serious questions going
17 to the merits, the court need not address the remaining Winter elements.  See Pimentel, 670 F.3d
18 at 1111.

19      Here, plaintiff fails to make the fundamental showing that there is a likelihood of success
20 on the merits of his claims.  As discussed in detail above with regard to defendants' motions to
21 dismiss, all of plaintiff's claims asserted in the complaint are without merit, and further
22 amendment of the complaint would be futile.  Therefore, plaintiff cannot show that there is a
23 likelihood of success on the merits of any of the claims he asserts in this action.  Because plaintiff
24 cannot meet this basic requirement, issuance of a TRO would be improper.  See Pimentel, 670
25 F.3d at 1111.  Accordingly, the court recommends that plaintiff's motion for a TRO be denied.
26 ////
27 ////
28 ////

IV.     Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss (ECF Nos. 4, 5) be GRANTED and plaintiff's complaint be DISMISSED WITHOUT LEAVE TO AMEND;

2. Plaintiff's motion for a temporary restraining order (ECF No. 7) be DENIED;

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  November 29, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE